RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 11.16.07

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Mott | Civil Action 06-0682 |
| versus | Judge Tucker L. Melançon |
| Social Security Administration | Magistrate Judge Methvin |

### MEMORANDUM RULING

Before the Court is plaintiff's Motion For New Trial requesting that the "Court make 'new' findings, conclusions of law and direct the entry of a new judgment reversing and remanding the 'final' decision of the [Social Security] Commissioner." *R. 25.* Plaintiff filed this action seeking to appeal the Commissioner's finding of non-disability. *R. 1.* On August 22, 2007, the magistrate judge recommended that the Commissioner's decision be affirmed. *R. 22.* The Court entered judgment affirming the Commissioner's decision on September 19, 2007. *R. 24.*

As the Court's ruling was based on the briefs submitted by the parties, rather than by trial, plaintiff's motion is treated as a motion to alter or amend the judgment pursuant to Rule 59(e) rather than a motion for new trial. *See Patin v. Allied Signal, Inc.*, 77 F.3d 782, 784, n. 1 (5th Cir.1996) (considering motion for new trial as a Rule 59(e) motion to reconsider entry of summary judgment). Rule 59(e) affords the Court significant discretion when deciding whether to alter or amend its judgment. *Id.* at 174. While Rule 59(e) does not set forth any specific grounds for relief, courts have generally considered four factors: (1) an intervening change in controlling law; (2)

the availability of new evidence not previously available; or (3) the need to correct a clear error of law or fact upon which the judgment is based; or (4) prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

Plaintiff asserts that the Commissioner's decision did not comply with the HALLEX rule[1] requiring that she be fully informed of her right to retain counsel. Plaintiff further asserts that the magistrate judge applied the HALLEX rule, which was revised on September 2, 2005, one month after the August 1, 2005 hearing, rather than the HALLEX rule in existence at the time of the hearing. Plaintiff points out that the HALLEX rule in existence on August 1, 2005 states that the Commissioner "will secure, on the record, the claimant's decision concerning representation" whereas the revised HALLEX rule states that the Commissioner "will secure, on the record, the claimant's decision concerning representation or obtain from the claimant a written waiver of the claimant's right to representation...." *R. 22.* In essence, plaintiff maintains that her waivers and the Commissioner's discussions with her regarding her right to counsel are not sufficient under the HALLEX rule in existence at the time of her hearing. Plaintiff also contends that the Commissioner's pre-hearing notice regarding her right to request a subpoena and to inspect post-hearing evidence was constitutionally defective.

---

[1] HALLEX is the Hearings, Appeals, and Litigation Law Manual. It "defines procedures for carrying out policy and provides guidance for processing and adjudicating claims at the Hearing, Appeals Council and Civil Action levels." HALLEX I-1-0-1, 2005 WL 1863821 (June 21, 2005).

2

A claimant has a statutory right to counsel at a Social Security hearing. 42 U.S.C. § 406. However, the claimant may waive this right if given sufficient information to enable her to decide intelligently whether to retain counsel or proceed *pro se*. A claimant may not have sufficient information to make an intelligent waiver unless she receives an explanation of the possibility of free counsel or a contingency arrangement, and the limitation on attorney's fees to 25% of past due benefits awarded. *See Clark v. Schweiker*, 652 F.2d 399, 403-04 (5th Cir.1981).

Plaintiff claims that her motion should be granted based on the magistrate judge's use of a HALLEX rule which was not revised until one month after the August 1, 2005 hearing. The Fifth Circuit has stated: "While HALLEX does not carry the authority of law, this court has held that 'where the rights of individuals are affected, an agency must follow its own procedures, even when the internal procedures are more rigorous than otherwise would be required. If prejudice results from a violation, the result cannot stand.'" *Newton v. Apfel*, 209 F.3d 448, 459 (quoting *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir.1981)).

Plaintiff signed two waivers of her right to counsel, including one dated August 1, 2005, the date of the subsequent administrative hearing in this matter. (Tr. 573, 601). The waivers state, "I understand my right to representation at the hearing, I voluntarily waive that right, and I request to proceed without a representative. I also acknowledge that I received the attached list of organizations prior to receiving the Notice of Hearings." The magistrate judge found that, in addition to the two waivers

3

signed by Mott, the Commissioner advised plaintiff of her right to counsel at the hearing on May 6, 2005, advised her of different options she had of retaining counsel, including that of Legal Services, and afforded her three months to retain counsel. *R. 22*. At the August 1, 2005 hearing, the Commissioner inquired about plaintiff's attempts to retain counsel. *Id.* Plaintiff told the Commissioner that she had not retained counsel because the attorneys at Legal Services had too many cases and other attorneys she contacted were going on vacations. *R. 25*. Plaintiff, however, did not request a continuance nor did she object to proceeding with the case. *Id.* The Commissioner determined that plaintiff could make an informed decision regarding representation in that she had successfully represented herself in the original application and the Commissioner obtained a written waiver from plaintiff.

"A flaw in the waiver of counsel does not require a remand unless the record reveals evidentiary gaps which result in unfairness or clear prejudice. When a claimant is not represented by counsel, the ALJ has a duty to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Kane v. Heckler*, 731 F.2d 1216, 1219-20 (5th Cir.1984). To establish that the ALJ failed to fulfill this heightened duty, the claimant must show that, "had the ALJ done his duty, [the claimant] could and would have adduced evidence that might have altered the result." *Id.* at 1220.

The record establishes that plaintiff was fully informed of her right to retain counsel and was given additional time to retain representation after which she signed

4

a waiver to that right and a request to proceed without counsel. As to plaintiff's claim that the Commissioner's pre-hearing notice regarding her right to request a subpoena and to inspect post-hearing evidence was constitutionally defective, the record also contains a signed waiver dated May 6, 2005 of plaintiff's right to inspect any information that the Commissioner received subsequent to the initial hearing in this matter. (Tr. 572). Moreover, other than her claim being denied, plaintiff has not established how she was prejudiced by the Commissioner's actions nor that she would have adduced evidence that might have altered the result.